Citation Nr: 1527823 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 08-09 775A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana


THE ISSUES

1. Entitlement to a disability rating in excess of 50 percent for sinusitis with headaches and fracture of the maxillary sinus on an extraschedular basis. 

2. Entitlement to a disability rating in excess of 30 percent for sensory impairment and hyperesthesia with trigeminal nerve damage on an extraschedular basis. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Patricia Veresink



INTRODUCTION

The Veteran served on active duty from June 1973 to November 1973. 

This matter come before the Board of Veterans' Appeals (Board) on appeal from a September 2002 and December 2007 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in New Orleans, Louisiana.

The issues have been addressed by the RO, remanded or addressed by the Board, and returned from the Court multiple times. The Board most recently denied the Veteran's claims in a June 2014 rating decision. The most recent Joint Motion for Remand (JMR) is dated February 2015. Its contentions are addressed in the remand below.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The JMR noted that the rating criteria for sinusitis do not mention silent sinus disease or its sequelae, inward-bowing of the sinuses resulting in enophthalmos, or bloody discharge. As the Veteran has these symptoms, the JMR requested that entitlement to extra-schedular consideration be evaluated. Additionally, the JMR found the rating of trigeminal nerve damage as neuralgia to be insufficient. The JMR noted no paralysis of the nerve, but indicated that the extreme debilitating pain, the cross-over diagnosis of reflex sympathetic dystrophy of the trigeminal nerve, and the effects of cold temperatures on the Veteran's disability do not fit squarely within the rating criteria for neuralgia. 

The JMR also noted that the Federal Circuit recently held the plain language of 38 CFR 3.321(b)(1) "indicates that referral for extraschedular evaluation may be based on the collective impact of the Veteran's disabilities," and a claimant may be entitled to "referral for extraschedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Johnson v. McDonald, 762 F.3d 1362, 1365 (Fed. Cir. 2014). The parties to the JMR agreed that the Board should apply this new case law to the Veteran's claims of entitlement to increased, extraschedular disability ratings. 

The Board, in its March 2011 remand instructions, directed the AOJ to refer the matter of entitlement to an increased rating for residuals of an injury to the trigeminal nerve and a total disability rating based on individual unemployability (which is not currently on appeal) to the Director of Compensation Service (Director) for extraschedular consideration. The AOJ did refer the matter and the Director provided an opinion in April 2013 denying entitlement to an extraschedular rating. Consequently, the question before the Board now is whether the Veteran is entitled to an extraschedular evaluation for the trigeminal nerve rather than referral of the issue to the Director. 

However, the Board notes that the Veteran's sinusitis claim has not been addressed by the Director. As noted in Johnson v. McDonald, above, the Director must also consider whether an extraschedular evaluation is warranted based on the combined effects of the Veteran's disabilities. Therefore, the Board is remanding the issue of entitlement to a disability rating in excess of 30 percent for sensory impairment and hyperesthesia with trigeminal nerve damage on an extraschedular basis with the referral of entitlement to a disability rating in excess of 50 percent for sinusitis with headaches and fracture of the maxillary sinus on an extraschedular basis, for the Director to consider any combined effects. 

Accordingly, the case is REMANDED for the following action:

1. The RO should refer the case to the Under Secretary for Benefits or the Director, Compensation and Pension Service for extraschedular consideration under 38 C.F.R § 3.321(b)(1) for sinusitis with headaches. 

The Director should note that the rating criteria for sinusitis does not mention silent sinus disease or its sequelae, inward-bowing of the sinuses resulting in enophthalmos, or bloody discharge. The Director should address these symptoms in the determination. 

The Director should also note that the Federal Circuit recently held that the plain language of 38 CFR 3.321(b)(1) "indicates that referral for extraschedular evaluation may be based on the collective impact of the Veteran's disabilities," and a claimant may be entitled to "referral for extraschedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Johnson v. McDonald, 762 F.3d 1362, 1365 (Fed. Cir. 2014). The Director should therefore consider whether an extraschedular evaluation is warranted based on the Veteran's multiple disabilities, to include the sensory impairment and hyperesthesia with trigeminal nerve damage.

2. If the determination remains adverse to the Veteran, he and his representative should be furnished a supplemental statement of the case and be afforded an opportunity to respond. Thereafter, the case should be returned to the Board for appellate review. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
L. M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).